See Signature Pages For
Counsel Of Record

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. HOFFER,<br>a California resident,<br><br>            Plaintiff,<br>    v.<br>MICROSOFT CORPORATION, a Delaware corporation; INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; ARIBA, INCORPORATED, a Delaware corporation,<br><br>            Defendant. | CASE NO. C-01-20731-JW<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's Order of October 2, 2008, the parties have met and conferred and submit this Joint Case Management Statement. The parties are in disagreement regarding whether this case should be administratively closed. The parties' separate statements follow.

**DESCRIPTION OF THE CASE**

1. **BRIEF DESCRIPTION OF THE EVENTS RELEVANT TO THE CURRENT CASE DISPOSITION:**

    a. **Plaintiff's Statement**

In Hoffer v. Microsoft, et al., 405 F.3d 1326, 2005 U.S. App. LEXIS 6965, 74 U.S.P.Q.2D (BNA) 1481 (Fed. Cir. 2005), the Federal Circuit indicated that claims 21 and 22 were not infringed, based solely on a professed limitation, which this district court expressly declined to define ("interactive data messaging…."). Indeed, no court has ever defined the phrase deemed dispositive. The Federal Circuit also held invalidation of claim 22 for indefiniteness is reversed. Thereafter, a rehearing, en banc,

was denied by Hoffer v. Microsoft Corp., 2005 U.S. App. LEXIS 12436 (Fed. Cir., May 31, 2005). US Supreme Court certiorari was denied by Hoffer v. Microsoft Corp., 2006 U.S. LEXIS 232 (U.S., Jan. 9, 2006).

### b. Defendants' Statement

Plaintiff, Steven M. Hoffer ("Hoffer"), is the purported owner of U.S. Patent No. 5,799,151 ("the '151 patent"), which allegedly covers certain aspects of "interactive electronic trade networks and user interfaces."

On November 5, 2003, the Court granted Defendants' Motion for Summary Judgment, disposing of the only asserted claims of the '151 patent, claims 21 and 22.  Specifically, the Court found claim 21 not infringed by Defendants' Uniform Description, Discovery and Integration of Businesses on the Web ("UDDI") system, and found claim 22 invalid for indefiniteness (Docket Item No. 339).  On November 24, 2003, the Court entered the Judgment.  (Docket Item No. 340.)

Plaintiff appealed the Court's Judgment to the Court of Appeals for the Federal Circuit. (Notice of Appeal and First Amended Notice of Appeal, Docket Item Nos. 341 and 344, respectively).  On April 22, 2005, the Federal Circuit affirmed the finding of non-infringement of claim 21.  The Federal Circuit reversed the finding of indefiniteness for claim 22, however, stating that claim 22 depends from claim 21, and therefore is not indefinite.  The Federal Circuit further found, as a matter of law, that because claim 22 depends from claim 21, which it affirmed was not infringed, claim 22 was also not infringed because a claim which depends on a non-infringed base claim cannot itself be infringed.  (Federal Circuit Opinion, Docket Item No. 350.)  On May 6, 2005, Plaintiff petitioned for rehearing *en banc*, which the Federal Court denied on May 31, 2005.  The Federal Circuit Issued its Judgment as a Mandate on June 7, 2005, and the Clerk circulated the Mandate to the parties on June 14, 2005.  (Docket Item Nos. 350 and 351.)

On January 9, 2006, the United States Supreme Court denied Plaintiff's petition for a writ of certiorari.

### 2. THE PARTIES' VIEW OF REMAINING ISSUES:

#### a. Plaintiff's Statement

With all due deference, there is no basis in law or fact for this unjust disposition of these or related issues. The record reflects a litany of serious legal and procedural irregularities and inconsistencies that obstructed any proper and correct resolution of genuine factual and legal issues, both within and beyond the ambit of the appellate decision. Any remaining issues, however, now appear to be subject to the jurisdiction of a legal or justice authority other than the district court, which issued the summary judgment. Except as Plaintiff has previously indicated, the lower court's judgment was substantially repudiated by the mandate of the Federal Circuit. By affirming the result in part, on new grounds, the Federal Circuit erroneously professed to act as the court of first instance, without the benefit of a fully developed record.

Contrary to defendant's characterizations of the record, that record, though marred with irregularities and legal errors, speaks for itself. After meeting and conferring with opposing counsel, I was unable to concur in their mischaracterizations of the posture of this case. A scheduled Case Management Conference (CMC) here can likely only serve as another layer of indirection between decision-making and the proper control of case resolution under applicable law. Plaintiff therefore reserves all rights, regardless of this court's impending determination whether or not to "bring the record to a close."

At present, in view of the foregoing, neither Plaintiff nor his legal counsel will plan to attend the CMC in person. Plaintiff Hoffer, however, will make himself available for telephonic conferences as needed, and per the court's direction, at that time as set, unless notified that doing so is insufficient.

Respectfully, the Plaintiff shall also endeavor to provide any clarifications required by the district court with regard to the foregoing.

### b. Defendants' Statement

Defendants are in agreement that no factual or legal issues remain open and that the matter should be closed. The Federal Circuit's judgment of non-infringement is final as to the only asserted claims of the patent-in-suit, namely, claims 21 and 22. Similarly, the Federal Circuit's judgment disposes of Defendants' counterclaim of invalidity of claim 22 based on indefiniteness for expressly claiming dependence on a non-existent base claim. The Federal Circuit's Mandate, while it reverses the finding of invalidity of claim 22, includes a specific finding of non-infringement as to claim 22. Thus, the Federal Circuit's Opinion and Mandate are case dispositive, because the Federal Circuit found the only two asserted patent claims to be not infringed. The Federal Circuit did not remand the case to the District Court, and its Opinion and Mandate identify no issues remaining for the District Court to address. Accordingly, no further action is required by the Court in response to the Federal Circuit Mandate.

Despite all issues having been resolved in the case, the case remains open. As a result, Defendants respectfully request that the case be administratively closed without delay.

Date:  October 16, 2008                     /s/ Joseph T. Jakubek_____
                                            J. Christopher Carraway (admitted *pro hace vice*)
                                            Joseph T. Jakubek, Esq. (admitted *pro hace vice*)
                                            KLARQUIST SPARKMAN, LLP
                                            121 S.W. Salmon Street, Suite 1600
                                            Portland, OR  97204
                                            Telephone:  (503) 226-7391
                                            Facsimile:  (503) 228-9446
                                            Eric L. Wesenberg, Esq. (Cal. Bar No. 139696)
                                            Neel I. Chatterjee (Cal. Bar No. 173985)
                                            ORRICK HERRINGTON & SUTCLIFFE, LLP
                                            1020 Marsh Road
                                            Menlo Park, CA  94025

                                                      Telephone:  650-614-7400
                                                      Facsimile:  (650) 614-7401

                                                      Attorneys for Defendant
                                                      MICROSOFT CORPORATION


Date:  October 16, 2008                            */s/ Robert W. Stone (with permission*
                                                    *by Joseph T. Jakubek)*
                                                     Charles K. Verhoeven (Cal. Bar No. 170151)
                                                     Robert W. Stone (Bar. No. 163513)
                                                   QUINN EMANUEL URQUHART
                                                   OLIVER & HEDGES, LLP
                                                   50 California Street, 22nd Floor
                                                   San Francisco, CA 94111
                                                   Telephone:  (415) 875-6600
                                                   Facsimile:  (415) 875-6700

                                                   Attorneys for Defendant
                                                   INTERNATIONAL BUSINESS
                                                   MACHINES CORPORATION


Date:  October 16, 2008                            */s/ John Eichhorst (with permission*
                                                    *by Joseph T. Jakubek)*
                                                   John Eichhorst (Cal. Bar No. 139598)
                                                   HOWARD, RICE, NEMEROVSKI,
                                                   CANADY FALK & RABKIN, P.C.
                                                   Three Embarcadero Center, Seventh Floor
                                                   San Francisco, CA  94111
                                                   Telephone:  (415) 434-1600
                                                   Facsimile:  (415) 217-5910

                                                   Attorneys for Defendant
                                                   ARIBA, INCORPORATED


Plaintiff concurs that the parties are not in agreement, as reflected above.


Date:  October 16, 2008                            */s/ Steven M. Hoffer (with permission*
                                                    *by Joseph T. Jakubek)*
                                                   Steven M. Hoffer
                                                   Plaintiff (in *pro se*)

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on October 16, 2008, a true copy of the foregoing JOINT CASE MANAGEMENT STATEMENT was served on the parties by the listed manner:

> Steven Hoffer, Plaintiff *pro se*
> 3827 Shasta Street, Suite B
> San Diego, CA  92109
> Phone:  858-270-9449
> *Via Electronic Mail*
> *Confirmation Via First-Class Mail and e-mail*

| | |
|---|---|
| John Eichhorst<br>Howard, Rice, Nemerovski, Canady,<br>   Falk & Rabkin, PC<br>7th Floor, Three Embarcadero Center<br>San Francisco, California 94111<br>*Via Electronic Mail*<br><br>Counsel for Defendant<br>Ariba, Incorporated | Charles K. Verhoeven<br>Quinn Emanuel Urquhart<br>   Oliver & Hedges, LLP<br>201 Sansome Street, Sixth Floor<br>San Francisco, CA  94104<br>*Via Electronic Mail*<br><br>Counsel for Defendant<br>IBM Corporation |

                    /s/ Joseph T. Jakubek_____
                    Joseph T. Jakubek